UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIUS N. FREDERICKS, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-05-1836 |
| TROY WILLIAMSON, | : (Judge Kosik) |
| Respondent | : |

## **M E M O R A N D U M**

Julius N. Fredericks, an inmate currently confined at the United States Penitentiary at Allenwood (USP-Allenwood), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He proceeds in forma pauperis in this matter. In the petition he challenges his conviction and sentence on drug charges by the United States District Court for the Eastern District of Virginia. For the reasons that follow, the petition will be dismissed.

## **Background**

On October 10, 2002, Fredericks pled guilty to drug charges in the United States District Court for the Eastern District of Virginia. Pursuant to the plea agreement, he waived his right of appeal. (Doc. 7, Ex. 1 at 9.) On February 28, 2003, Fredericks was sentenced to 250 months imprisonment followed by 5 years of supervised release. (Id. at 11.)

According to Fredericks, he filed a "belated nunc pro tunc" appeal in the United States Court of Appeals for the Fourth Circuit on May 21, 2003, after he learned that his trial counsel had never filed an appeal. On August 22, 2003, the appeal was dismissed for lack of jurisdiction. (Id. at 12.) On August 9, 2004, Fredericks filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Id. The District Court for the Eastern District of Virginia dismissed the motion as time-barred on December 29, 2004. The motion was subsequently dismissed on the same basis by the Fourth Circuit Court of Appeals . (Id. at 13.)

In the instant petition, filed on September 12, 2005, Fredericks contends that § 2255 is inadequate and ineffective to test the legality of his detention because "the District Court and the Fourth Circuit have interpreted and applied § 2255 in a manner that precluded all consideration of an illegal detention that would otherwise be cognizable under 2241." (Doc. 1, Pet. at 9.) He claims that his conviction and sentence are contrary to the sentencing guidelines and that he was held accountable for drugs stemming from the entire conspiracy as opposed to the amount directly foreseeable to him.

**Discussion**

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most appropriately brought as a motion pursuant to 28 U.S.C. § 2255 filed in the district court in the district where he was convicted. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.3d

245, 249 (3d Cir. 1997).[1]  As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).  "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)(unpublished disposition at 2000 WL 1595967)(citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative."  Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."); Brown

---

[1] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001).  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In Cradle v. United States, the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255.  Rather, the court in Cradle held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.  Cradle, 290 F.3d at 538-39.

As stated in Dorsainvil, the availability of the § 2241 remedy to challenge a federal conviction is extremely limited.  Dorsainvil, 119 F.3d at 250.  A prisoner can pursue habeas relief under the safety valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal to avoid a miscarriage of justice.  See Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

With the above principles as our guide, it is clear that Fredericks cannot raise his claims in the instant § 2241 petition.  First, the dismissal of Fredericks' previous § 2255 motion does not make the § 2255 remedy inadequate or ineffective to test the legality of his detention and allow him to proceed under § 2241.  His claim that the sentencing court erred in finding that he

4

had not met the gatekeeping requirements of the AEDPA in filing his prior § 2255 motion is not properly before this court. His remedy, if any, is to pursue a motion for permission to file a second or successive § 2255 motion with the appropriate court of appeals. See 28 U.S.C. § 2255. Further, Fredericks does not claim that any subsequent case has revealed his conduct to be non-criminal.

Fredericks argues that his counsel failed to file an appeal and therefore he filed a nunc pro tunc appeal with the Fourth Circuit on May 21, 2003. Pursuant to the plea agreement, however, Fredericks had waived his right to appeal. Nevertheless, even if he could pursue an appeal and did not learn that no appeal had been filed until May of 2003, Fredericks never filed the § 2255 motion until August 9, 2004 in the Eastern District Court of Virginia. While Fredericks argues that he used due diligence in filing his § 2255 motion, he waited over fourteen months to pursue § 2255 relief.

Fredericks also maintains that the filing of his § 2255 motion was delayed due to the government's filing a Rule 35(b) motion for reduction of sentence based upon his post-sentencing cooperation. This claim lacks merit. It is well established that when a federal prisoner is resentenced pursuant to a Rule 35 motion by the government, the prisoner's one-year limitation for filing a § 2255 motion does not begin anew. See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); Borne v. United States, 2005 WL 1074378, *2 (E.D. Tenn. May 4, 2005); Adams v. United States, 2001 WL 34013604, *2 (E.D. N.C. Sept. 25, 2001).

Accordingly, the instant § 2241 petition will be dismissed. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JULIUS N. FREDERICKS, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-05-1836
:
TROY WILLIAMSON, : (Judge Kosik)
:
    Respondent :

## O R D E R

**NOW, THIS 21st DAY OF DECEMBER, 2005,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is **dismissed**.

2. The Clerk of Court is directed to **close this case**.

                                      s/Edwin M. Kosik
                                      United States District Judge